NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELIJAH SINGLETON, | : | |
| | : | Civil Action No. 16-2585 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| NEW JERSEY DEPARTMENT | : | |
| OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

SHERIDAN, District Judge

Plaintiff Elijah Singleton ("Plaintiff"), a prisoner currently incarcerated at East Jersey State Prison in Rahway, New Jersey, seeks to bring this civil rights action *in forma pauperis*. Based on his affidavit of indigence, the Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and orders the Clerk of the Court to file the Complaint. (ECF No. 15.)

At this time, the Court must review Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice in part and allowed to proceed in part.

## I. BACKGROUND

The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on or about December of 2012, while incarcerated at Northern State Prison, he started experiencing complications in his vision due to his diabetes. (ECF No. 1 at 5.) Plaintiff made "numerous requests" to the medical department and, after "weeks of procrastinating," was sent to see a specialist for his vision. (*Id.*) Plaintiff was sent to see Defendant Zarbin at the University of Medicine and Dentistry of New Jersey ("UMDNJ"), who examined Plaintiff and determined that Plaintiff needed surgery. Plaintiff alleges that he was never told that the surgery Defendant Zarbin proposed was "risky," or that it could result in total blindness. (*Id.*) Plaintiff elected to have the surgery and did, in fact, lose all vision in his left eye.

Plaintiff next alleges that, as a result of Defendant Lois Fiore's[1] deliberate indifference, it is too late to treat his right eye and he will ultimately lose total vision in that eye as well. (*Id.* at 6.) Defendant Fiore was "well aware" of Plaintiff's condition and still postponed his optometry appointments past the time period in which Plaintiff could have been adequately treated. After losing total vision in his left eye, Plaintiff refused to be sent back to Defendant Zarbin and requested another doctor. Defendant Fiore told Plaintiff that this was impossible because the Department of Corrections ("DOC") was not in a contractual relationship with any other

---

[1] It is unclear from the face of the Complaint what Defendant Fiore's position is at New Jersey State Prison. For the sake of logic and coherence, the Court is treating her as a non-medical defendant.

2

optometrists. (*Id.*) After Plaintiff was transferred to East Jersey State Prison, where he is currently incarcerated, he found out "this was a lie." (*Id.*)

After Plaintiff's transfer, he was sent to two different optometrists not named in this action. Both optometrists told Plaintiff that the damage in his right eye was "too far along" for anything to be done, and that he should have seen them earlier. (*Id.* at 8.) Plaintiff was told he will be totally blind by November of 2017. Plaintiff now brings this action against Defendants DOC, University Hospital, Dr. Zarbin in his official and individual capacities, and Lois Fiore in her official and individual capacities.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),   seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

To start, the Court notes that to be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State, a State entity, or an official of a State acting in his or her official capacity is not a "person" within the meaning of § 1983. However, state officials and those acting under color of law sued in their *individual* capacities are considered "persons" for purposes of § 1983 liability. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). Even so, a plaintiff must show that an individual official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation. *See West*, 487 U.S. at 48. This is to say that § 1983 liability cannot be premised solely on a theory of respondeat superior. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

**1. Dr. Zarbin and Lois Fiore in their Individual Capacities**

For the sake of logic and coherence, the Court will begin with Plaintiff's claims against Defendants Zarbin and Fiore in their individual capacities. Against them, Plaintiff pleads an Eighth Amendment violation based on a theory of deliberate indifference to a serious medical need.

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of

serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). The Third Circuit has found deliberate indifference where the prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; ... (3) prevents a prisoner from receiving needed or recommended medical treatment; and (4) where the prison official persists in a particular course of treatment in the face of resultant pain and risk of permanent injury." *McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)) (citations and quotation marks omitted).

In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *See Thomas v. Adams*, 55 F.Supp.3d 552, 576 (D.N.J. 2014) (internal citations omitted); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

Here, Plaintiff alleges that Defendant Zarbin "lied to [him] and blinded [him]." (ECF No. 1 at 7.) Though it seems plausible, from the face of the Complaint, that Plaintiff may have stated a cause of action against Defendant Zarbin rooted in medical malpractice, such a claim does not rise to the level of an Eighth Amendment violation[3]. *See Durmer v. O'Carroll*, 991 F.2d 64, 67

---

[3] Plaintiff should note that, if he wishes to bring an action against Dr. Zarbin in tort, he must comply with New Jersey's Affidavit of Merit requirement. *See* N.J. STAT. ANN. § 2A:53A-27.

(3d Cir. 1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation."). This is so because claims of deliberate indifference require a "more culpable state of mind" than found in either negligence or malpractice actions. *Rouse*, 182 F.3d at 197; *see also Estelle*, 429 U.S. at 105 ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind."). Similarly here, one of Plaintiff's claims alleges a lack of informed consent, which is akin to a medical malpractice cause of action rather than an Eighth Amendment standard. Accordingly, Plaintiff's claim against Defendant Zarbin in his individual capacity will be dismissed without prejudice.

Plaintiff lastly alleges that Defendant Fiore "caused [his] treatment to be postponed" to the point where damage to his vision was irreversible, despite being "well aware" of his ongoing issues with vision and his repeated requests to see a different specialist. (ECF No. 1 at 7-8.) Plaintiff further alleges that Defendant Fiore also refused to send Plaintiff to a different specialist, falsely alleging that Dr. Zarbin was the only specialist contracted with the DOC. (*Id.*) Taking these allegation as true, the Court finds that Plaintiff's Eighth Amendment claim against Defendant Fiore for denying and/or delaying Plaintiff's necessary treatment for loss of vision in his right eye, ultimately resulting in total blindness, shall not be dismissed on screening. *See McCluskey v. Vincent*, 505 F. App'x at 202 (noting that deliberate indifference occurs when necessary treatment is delayed for a non-medical reason); *Mazariegos v. Monmouth Cnty Corr. Inst.*, 2014 WL 1266659, at *8 (D.N.J. Mar. 25, 2014) (finding deliberate indifference where non-medical personnel refused to provide prescribed treatment, resulting in blindness). This claim will be permitted to proceed.

## 2. Department of Corrections and Lois Fiore in her official capacity.

Plaintiff also names in his complaint the DOC and Defendant Fiore in her official capacity. Here, the DOC is immune from suit under § 1983 as it is an arm of the state of New Jersey and has not explicitly waived its sovereign immunity. *See Goodall-Gaillard v. New Jersey Dep't of Corr.*, 2014 WL 2872086, at *26 (D.N.J. June 24, 2014) ("Defendant DOC is therefore considered an arm of the state and partakes of the state's Eleventh Amendment immunity.") (citing *Grabow v. Southern State Corr. Facility*, 726 F.Supp. 537, 539 (D.N.J. 1989)). In addition, Lois Fiore is an employee of New Jersey State Prison – a state entity – and is therefore immune from suit under § 1983 in her official capacity. *See Wilson v. Haas*, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012) (finding that "New Jersey state prison facilities are entitled to immunity from suit in federal court under the Eleventh Amendment and, therefore, they are not 'persons' within the meaning of § 1983."); *Smart v. Fox*, 2015 WL 5770007, at *3 (D.N.J. Sept. 30, 2015). Therefore, Plaintiff's Eighth Amendment claims against the DOC and Defendant Fiore in her official capacity are dismissed with prejudice.

## 3. University Hospital and Dr. Zarbin in his official capacity

Plaintiff lastly pleads the same Eighth Amendment claims against both University Hospital and Dr. Zarbin in his official capacity. University Hospital is a state-run medical center affiliated with the Rutgers School of Biomedical and Health Sciences.[4] The Third Circuit has held that Rutgers University is not entitled to Eleventh Amendment immunity in certain situations. *See Kovats v. Rutgers, State Univ.*, 822 F.2d 1303, 1312 (3d Cir. 1987). This Circuit

---

[4] *See* "The New Jersey Medical and Health Sciences Restructuring Act," N.J. STAT. ANN. § 18A:64M-1, *et seq.*

8

has also held that institutions and physicians under contract to provide medical services to inmates at a state prison act "under color of state law" for § 1983 purposes. *Vogt v. Rutgers Univ. Health Department for the Department of Corrections*, 2016 WL 356078, at \*3, n.4 (D.N.J. Jan. 29, 2016) (citing *Walker v. Horn*, 385 F.3d 321, 332 (3d Cir. 2004)). Because analyzing "[w]hether a public university is entitled to Eleventh Amendment immunity is a fact-intensive review that calls for individualized determinations," the Court will not dismiss University Hospital and Dr. Zarbin in his official capacity on Eleventh Amendment grounds at this stage. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007).

Plaintiff, however, makes no specific allegations against University Hospital and appears to base its liability "solely on a theory of respondeat superior," which is improper in a § 1983 action. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003); *Rode*, 845 F.2d at 1207; *see also Bd. of Cnty. Comm'rs of Bryan Cnty, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997) ("The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."). Therefore, Plaintiff's Eighth Amendment claims against University Hospital are dismissed without prejudice pursuant to FED.R.CIV.P. 12(b)(6). Additionally, as explained above in § III.B.3, *supra*, Plaintiff does not plead sufficient facts to state an Eighth Amendment claim under § 1983 against Dr. Zarbin either. Thus, Plaintiff's claims against Dr. Zarbin in his official capacity will also be dismissed without prejudice.

9

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment claims against Defendants DOC, University Hospital, and Lois Fiore in her official capacity are dismissed with prejudice. Plaintiff's Eighth Amendment claims against Defendant Zarbin in both his individual and official capacities are dismissed without prejudice, and Plaintiff's Eighth Amendment claim against Defendant Fiore in her individual capacity may proceed. Should Plaintiff wish to file a second amended complaint to address the deficiencies identified herein, he must file a motion to amend which complies with all applicable rules.

An appropriate order follows.

Dated:

_____
Peter Sheridan, U.S.D.J.