**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIJAH SINGLETON, | |
| Plaintiff, | Civ. No. 16-2585 (PGS-DEA) |
| v. | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | MEMORANDUM |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss the amended complaint filed by Dr. Marco Zarbin, Lois Fiore, O.D., University Hospital Newark, and the New Jersey Department of Corrections ("NJDOC"). (ECF No. 39). Plaintiff Elijah Singleton opposes the motion. (ECF No. 47). For the following reasons, Defendants' motion is granted in part.

**I.**

Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against defendants on May 9, 2016. (ECF No. 1). His claims arose out of allegedly deficient medical care he received while incarcerated at Northern State Prison ("NSP") in Newark, New Jersey. Plaintiff alleged that he began experience vision complications as a side-effect of his diabetes in December 2012. (*Id.* at 6). He filed numerous medical requests and was seen by the medical department on several occasions but was always told there was nothing they could do at the prison. (*Id.*). He was sent to Dr. Zarbin, a specialist, after several weeks. (*Id.*). Dr. Zarbin told Plaintiff he would need surgery but assured Plaintiff that he would be able to see clearly after the surgery. (*Id.*). Plaintiff alleged

that Dr. Zarbin failed to inform him that he would lose his vision if the surgery failed. (*Id.*). Plaintiff stated that he is went blind in his left eye as a result of the surgery and that he would not have consented to the surgery had he known that blindness was a possible outcome of the surgery. (*Id.* at 6-7). Dr. Zarbin wanted to perform the same surgery on Plaintiff's right eye, but Plaintiff refused because "[Dr. Zarbin] lied to me and made me blind." (*Id.* at 7).

Plaintiff further alleges defendant Fiore also misled him and "caused [his] treatment to be postponed to the point where the damage is now unable to be fixed . . . ." (*Id.*). Plaintiff states Fiore told him that "'it is not a question of if he will go blind in his right eye but when . . . .'" (*Id.*). He asked Fiore to refer him to a doctor other than Dr. Zarbin, but she refused to do so allegedly based on an exclusive NJDOC contract. (*Id.*). By the time Plaintiff saw another specialist, Dr. Shah, the damage to Plaintiff's vision was too far along. (*Id.* at 8). Dr. Shah then sent Plaintiff to Dr. Green, who told him that Dr. Zarbin "never should have performed that surgery on [his] left eye because it only made matters worse and he should have been more upfront about the consequences of performing such a 'high-risk' procedure. Dr. Green then declared [Plaintiff] to be legally blind." (*Id.*). Dr. Green contradicted Fiore's statement that the NJDOC had an exclusive contract with UMDNJ. (*Id.*).[1]

On June 30, 2016, the Court permitted the complaint to proceed in part. (ECF No. 2). It dismissed the Eighth Amendment claims against the NJDOC and Fiore in her official capacity with prejudice. (*Id.*). The Eighth Amendment claims against Dr. Zarbin and University Hospital were dismissed without prejudice. (*Id.*). The Court permitted the Eighth Amendment claims against Fiore in her individual capacity and the state law claims against University Hospital and Dr. Zarbin to proceed. (*Id.*). Dr. Zarbin and University Hospital filed a motion to dismiss the

---

[1] Neither Dr. Shah nor Dr. Green are named as defendants.

state law claims on September 28, 2016 because Plaintiff had not filed a notice of tort claim form. (ECF No. 13). The Court conducted oral argument November 9, 2016, (ECF No. 18), and granted the motion to dismiss on December 6, 2016, (ECF No. 19). The state law claims against Dr. Zarbin and University Hospital were dismissed with prejudice, terminating Dr. Zarbin and University Hospital from the case. (*Id.*).[2]

Magistrate Judge Arpert appointed pro bono counsel on August 7, 2017. (ECF No. 21). Counsel filed an amended complaint on January 31, 2018 with leave of Court. (ECF No. 29). The amended complaint alleges that Plaintiff made several requests for treatment for his diabetes while incarcerated in NSP. (*Id.* ¶ 2). He was sent to University Hospital in December 2012, where Dr. Zarbin told Plaintiff that he would need eye surgery. (*Id.* ¶¶ 4-5). "Dr. Zarbin assured the plaintiff that the surgery would repair his vision." (*Id.* ¶ 5). According to the amended complaint, Plaintiff did not provide informed consent for the surgery. (*Id.*). Plaintiff lost sight in his left eye after the surgery. (*Id.* ¶ 6).

Plaintiff asked NSP officials, including Fiore, for treatment for his "dwindling vision," but they failed to provide diabetes treatment. (*Id.* ¶¶ 7-8). Plaintiff eventually lost sight in his right eye and was declared legally blind. (*Id.* ¶¶ 9-10). He alleges he "is blind in both eyes as a result of the defendants' negligence" and that the defendants "intentionally denied and unreasonably delayed access to medical treatment." (*Id.* ¶¶ 11-12).

Dr. Zarbin, University Hospital, and Fiore moved to dismiss the amended complaint on March 28, 2018. (ECF No. 39). The NJDOC joined in the motion. (ECF No. 44). The Court conducted oral argument on July 18, 2018. The matter is now ripe for decision.

---

[2] The December 6, 2016 Order also vacated a Clerk's Entry of Default against University Hospital and Fiore.

## II.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## III.

The amended complaint seeks to raise deliberate indifference and state tort claims against defendants. The Court dismissed some of these claims with prejudice in its prior opinions. "When a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), because the complaint cannot be amended while the judgment stands." *Jang v. Boston Sci.*

*Scimed, Inc.*, 729 F.3d 357, 367–68 (3d Cir. 2013). "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972). Plaintiff has not moved to set aside the judgment; therefore, the amended complaint may not proceed on claims that have already been dismissed with prejudice by the Court[3]. The Court will address each defendant individually.

### A. New Jersey Department of Corrections

The Court dismissed the Eighth Amendment claims against the NJDOC with prejudice in its screening opinion of June 30, 2016. (ECF No. 4). As a state agency, the NJDOC has immunity from suit in federal court under 42 U.S.C. § 1983. U.S. Const. Amend. XI. *See also Pennhurst State School & Hosp.*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Likewise, any state law negligence claims Plaintiff may have against the NJDOC under the New Jersey Tort Claims Act may not proceed in federal court. "The TCA, which allows suits against public entities and their employees in state courts, does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver." *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (citing N.J.S.A. § 59:2–2(a)). The state law claims against the NJDOC are dismissed without prejudice to Plaintiff's ability to raise them in a court of competent jurisdiction.

The NJDOC is dismissed from this litigation.

---

[3] Given the fact that counsel may have been appointed after the dismissal, this may require reconsideration.

**B. Lois Fiore**

Defendant Fiore argues Plaintiff has failed to state a claim against her for deliberate indifference under the Eighth Amendment.

To state a violation of the Eighth Amendment right to adequate medical care, a convicted and sentenced inmate must plead facts indicating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" *Natale*, 318 F.3d at 582 (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (en banc)). The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Plaintiff has sufficiently alleged a claim against defendant Fiore. He alleges he continuously pleaded with her to treat his failing eyesight caused by diabetes, but she did not provide any treatment.[4] "A prison official is deliberately indifferent if the official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 335 (quoting *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 229 (3d Cir. 2015)). *See also Mazariegos v. Monmouth Cnty Corr. Inst.*, 2014 WL 1266659, at *8 (D.N.J. Mar. 25, 2014) (permitting claim of "deliberate indifference to Plaintiff's

---

[4] The Court has not considered Fiore's certification in connection with the motion to dismiss as it is outside of the pleadings.

6

serious medical need for the timely care of an appropriate specialist," resulting in blindness, to proceed).

Fiore's argument that the claims against her should be dismissed because she only interacted with Plaintiff in her official capacity[5] and not in her individual capacity is without merit. "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (alteration and emphasis in original)). "[T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Id.* at 26. Defendant Fiore's theory "would absolutely immunize state officials from personal liability for acts within their authority and necessary to fulfilling governmental responsibilities." *Id.* at 28.

Plaintiff's Eighth Amendment claim against Fiore shall proceed.

### C. Dr. Zarbin

Dr. Zarbin argues the amended complaint should be dismissed because the medical malpractice claims were dismissed with prejudice on December 6, 2016. (ECF No. 19).

The original complaint included a claim that Dr. Zarbin failed to obtain Plaintiff's informed consent before performing surgery on Plaintiff's left eye, ("Had I been informed that there was a chance that I could have lost my eye sight completely as a result of this surgery, I

---

[5] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police* 491 U.S. 58, 71 (1989). As the Court noted in its screening opinion, Fiore is entitled to Eleventh Amendment immunity for § 1983 claims against her in her official capacity.

would not have consented to having it. . . . Dr. lied to me and made me blind." (ECF No. 1 at 7)), and claims that Dr. Zarbin violated the standard of care by failing to diagnose Plaintiff's condition and by "performing an experimental surgery on him . . . ." (*Id.* at 9). The Court dismissed all these claims with prejudice because Plaintiff failed to provide a notice of claim under New Jersey's Tort Claims Act. (ECF No. 19). *See also* N.J.S.A. § 59:8–8; *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004).

The amended complaint alleges: "Dr. Zarbin told . . . the plaintiff that he required eye surgery. Dr. Zarbin assured the plaintiff that the surgery would repair his vision. The plaintiff did not provide informed consent." (ECF No. 29 ¶ 5). Plaintiff further alleges that "Dr. Zarbin negligently performed the eye surgery causing the plaintiff to lose his vision in his left eye." (*Id.* ¶ 6). These are the same allegations that were previously dismissed with prejudice by the Court. As Plaintiff has not filed for relief from the prior judgment, he cannot proceed on his claims against Dr. Zarbin for allegedly causing blindness in his left eye.

The remainder of the amended complaint contains no factual allegations leading to a plausible inference of Dr. Zarbin's liability for the blindness in Plaintiff's right eye. Dr. Zarbin is therefore terminated from the litigation.

### D. University Hospital

The Court will also dismiss University Hospital from the litigation. Plaintiff makes no specific allegations against University Hospital and appears to base its liability "solely on a theory of respondeat superior," which is improper in a § 1983 action. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). There are also no facts from which the Court could plausibly infer negligence on the part of University Hospital.[6]

---

[6] As with the claims against Dr. Zarbin, the malpractice claims against University Hospital for allegedly causing the blindness in Plaintiff's left eye were dismissed with prejudice by the Court

### E. Statute of Limitations

Finally, defendants argue Plaintiff's amended complaint is barred by the statute of limitations. "[A] statute of limitations is an affirmative defense not normally decided on a motion to dismiss." *Crump v. Passaic Cty.*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). "[T]he law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "'If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" *Id.* (quoting *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

The statute of limitations for § 1983 claims is two years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("[S]tate law provides the statute of limitations applicable to a section 1983 claim."); N.J.S.A. § 2A:14-2(a). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). "State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled." *Dique*, 603 F.3d at 185.

"Under New Jersey law, a statute of limitations can be tolled based upon equitable principles, including the discovery rule. The discovery rule postpones a claim from accruing if a

---

for failure to file a notice of tort claim. (ECF No. 19). These claims are barred absent a motion to alter or amend a judgment.

plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person." *Id. See also TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001) (noting the discovery rule was especially applicable in medical malpractice cases). The face of the amended complaint does not contain any information as to when Plaintiff's claim accrued under federal law or whether any state tolling principles apply. The Court is therefore unable to determine that the amended complaint is barred by the statute of limitations on its face. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3d Cir. 2013) ("[A]t the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint.").

## IV.

For the reasons stated above, the NJDOC is dismissed as it is immune from suit in federal court. The medical malpractice claims against University Hospital and Dr. Zarbin based on the loss of vision in Plaintiff's left eye are dismissed with prejudice as barred by this Court's prior order, and claims based on the loss of vision in Plaintiff's right eye are dismissed without prejudice. The amended complaint shall proceed against Lois Fiore.

An appropriate order follows.

DATED: Nov 19, 2018

_____
PETER G. SHERIDAN, U.S.D.J.